39 F.3d 1187
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mahdokht NAZERI, Petitioner-Appellant,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent-Appellee.
 No. 93-55421.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 14, 1994.
Decided Nov. 1, 1994.
 
 Before: FEINBERG,* SCHROEDER, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mahdokht Nazeri, a native and citizen of Iran, appeals the district court's denial of her petition for writ of habeas corpus under 8 U.S.C. Sec. 1105a(b). The petitioner challenges the Board of Immigration Appeals' affirmance of the immigration judge's holding that she had abandoned her status as a permanent resident alien of the United States and was therefore not entitled to admission into the United States.
 
 
 3
 The district court did not err in holding that substantial evidence supported the BIA's decision. The relevant legal analysis is laid out in Chavez-Ramirez v. INS, 792 F.2d 932, 936-37 (9th Cir.1986). Appellant acknowledges that her case turns on whether she had a continuous, uninterrupted intention to return. In holding that she did not, the BIA and the district court relied on evidence including the following: appellant had never been employed in the United States; she had never had a residence of her own in this country; she always purchased a round-trip ticket to Iran during her visits to the United States; on March 21, 1990, she filled out a customs declaration in which she answered "no" to the question of whether she was a permanent resident, and indicated that the purpose of her stay, with an expected length of only 15 days, was pleasure; she was pursuing a course of study in Iran; and as of March 1990, her possessions and family remained in Iran.
 
 
 4
 Appellant argues that this evidence is not necessarily inconsistent with an intent to return to the United States at some point. The Board and IJ concluded, however, that she was not returning from a temporary trip to Iran. The Board's decision is supported by substantial evidence. A court cannot reverse the Board's factual conclusion simply because it would have interpreted the evidence a different way. See, e.g., INS v. Elias-Zacarias, 502 U.S. 478, 112 S.Ct. 812, 815 (1992); Castillo v. INS, 951 F.2d 1117, 1120 (9th Cir.1991).
 
 
 5
 AFFIRMED.
 
 
 
 *
 Honorable Wilfred Feinberg, Senior United States Circuit Judge for the Second Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3